IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID HARLAN PERKINS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0669-A |
| | § | |
| NATHANIEL QUARTERMAN, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner David Harlan Perkins, TDCJ #1162760, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas. Perkins is represented by his attorney of record Richard Alley.

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

On March 13, 2003, Perkins was charged in a multicount indictment with aggravated sexual assault of child in Case No. 0857142 in the Criminal District Court Number One of Tarrant County, Texas. (Clerk's R. at 3–5.) On March 25, 2003, the state proceeded to trial on three counts. (*Id.*) A jury found Perkins guilty of all three counts on March 27, 2003, and assessed his sentence at twenty years' confinement on each count. (*Id.* at 87.) The trial court ordered that the sentences in counts one and three be served concurrently and that the sentence in count two be served consecutively to his sentence in count one. (*Id.* at 88.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on July 15, 2004. *Perkins v. Texas*, No. 2-03-118-CR, slip op. (Tex. App.–Fort Worth July 15, 2004) (not designated for publication). Perkins did not file a petition for discretionary review. (Petition at 3.)

On April 13, 2005, Perkins filed a state application for writ of habeas corpus, raising the claims presented, which was denied by the Texas Court of Criminal Appeals on August 31, 2005, without written order on the findings of the trial court. *Ex parte Perkins*, Application No. 62,234-01, at cover. Perkins filed this petition on October 25, 2005.

### D. ISSUES

In two grounds, Perkins claims (1) he was denied due process and his right to jury trial by the trial court's cumulation order, and (2) he was denied effective assistance of counsel. (Petition at 7.)

2

### E. RULE 5 STATEMENT

Quarterman admits that Perkins has exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(a). (Resp't Answer at 4.)

### F. DISCUSSION

#### *1. Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically,

3

when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *See Townsend v. Sain*, 372 U.S. 293, 314 (1963);[2] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002).

*2. Cumulation Order*

Perkins claims the trial court's cumulation of his sentences in counts one and two violates his right to due process and to jury trial under the state and federal constitutions. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp. 2006); TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (Vernon Supp. 2006). Specifically, Perkins claims his case falls within the rule established by the Supreme Court in the *Apprendi* and its progeny. (Pet'r Amended Brief at 3-12.) *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); *Ring v. Arizona*, 536 U.S. 584 (2002); *Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2004). According to Perkins, running his sentences in counts one and two consecutively, rather than concurrently, effectively increased

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

4

the penalty to which he was subject based solely on facts determined by the district court judge and not charged to the jury or found by the jury beyond a reasonable doubt.

The state habeas court determined that this claim was procedurally barred because Perkins could have, but did not, raise the issue on direct appeal. In the alternative, the state habeas court determined that the *Apprendi/Ring/Blakely/Booker* line of cases did not apply to cumulation orders. (State Habeas R. at 60.) To the extent Perkins contends the cumulation order violates his rights under the state constitution, his claim is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). To the extent he contends the cumulation order violates his rights under the federal constitution, the state procedural bar is an adequate and independent state-law ground preventing this court from reviewing the claim. *See Sanchez-Llamas v. Oregon*, 126 S. Ct. 2669, 2682 (2006).

 *3. Ineffective Assistance of Counsel*

Perkins claims his attorney Barry Alford provided ineffective assistance of counsel by (1) failing to conduct an adequate pretrial investigation into the law and facts of his case, (2) failing to oppose by pretrial motion or object to the charges against him, (3) failing to communicate with him, (4) failing to assert an alibi defense to count three, and (5) failing to raise a Fourth Amendment challenge to his confession. (Pet'r Amended Brief at 12-18.)

To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this standard, a court must indulge

5

a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where, as here, a petitioner's ineffective assistance claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001). Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

In support of his allegations in the state habeas proceeding, Perkins submitted his affidavit and the affidavits of his parents in addition to citing to various pleadings and portions of the reporter's record. (State Habeas R. at 65-68; Supp. State Habeas R. at 2-3.) The state court judge who presided over Perkins trial conducted the habeas proceeding and entered detailed findings of fact and conclusions of law refuting Perkins's ineffective assistance claims and concluded that Perkins had failed to prove that counsel's performance fell below an objective standard of reasonableness or that there was a reasonable probability that, but for the alleged acts of misconduct, the result of his trial would have been different. The Texas Court of Criminal Appeals denied Perkins's state habeas application based on the habeas court's findings. (State Habeas R. at 53-63, 69.)

This court must afford the state court's factual findings and credibility determinations the presumption of correctness unless rebutted by clear and convincing evidence to the contrary. *See*

6

28 U.S.C. § 2254(e)(1); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).  Perkins has failed to meet this burden.  He does not specifically refer to the state court's findings or offer new evidence in rebuttal.  Thus, assuming the state court's factual findings to be correct, and having independently reviewed the state court records, the state courts' adjudication of Perkins's ineffective assistance claims was neither erroneous nor objectively unreasonable.

## II.  RECOMMENDATION

Perkins petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 5, 2006.  Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 5, 2006,

to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 15, 2006.

          /s/  Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE