IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 30 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| DAVID HARLAN PERKINS, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § NO. 4:05-CV-669-A |
| | § |
| NATHANIEL QUARTERMAN, DIRECTOR, | § |
| TEXAS DEPARTMENT OF CRIMINAL | § |
| JUSTICE, CORRECTIONAL | § |
| INSTITUTIONS DIVISION, | § |
| | § |
| Respondent. | § |

O R D E R

Came on for consideration the above-captioned action wherein David Harlan Perkins ("Perkins") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On August 14, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by September 5, 2006. On September 1, 2006, Perkins filed his written objections. Respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings and conclusions to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court is not addressing any non-specific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 417, 421 (5th Cir. 1987).

Perkins first objects to the conclusion of the magistrate judge that Perkins's claim that the trial court's cumulation of his sentences in Counts One and Two violated his right to due process and to jury trial under the state and federal constitutions is meritless. He argues that the running of his sentences consecutively, rather than concurrently, effectively increased the penalty to which he was subjected based solely on facts determined by the trial judge and not found by the jury beyond a reasonable doubt. The magistrate judge correctly concluded that Perkins's contention that the cumulation order violates his rights under the state constitution is not cognizable on federal habeas review, and that the state procedural bar is an adequate and independent state-law ground

preventing this court from reviewing any contentions Perkins might be making that the cumulation order violates his rights under the federal constitution.

The other objection of Perkins is to the conclusion of the magistrate judge that a presumption of correctness should be applied to findings of the state court related to movant's ineffective assistance of counsel claim. Movant contends that he submitted proof that demonstrates that the state court's habeas findings were not supported by evidence.

As the magistrate judge noted, where, as here, an ineffective assistance claim has been reviewed on its merits and denied by the state court, federal habeas relief will be granted only if the state court's decision is contrary to, or involved an unreasonable application of, the standards set forth in Strickland.[1] This court must afford the state court's factual findings and credibility determinations the presumption of correctness unless rebutted by clear and convincing evidence to the contrary. Movant has not provided evidence of that kind. The magistrate judge correctly noted that movant does not specifically refer to the state court's findings or offer new

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

evidence in rebuttal. Thus, the magistrate judge correctly concluded, after having independently reviewed the state court records, that the state court's adjudications of movant's ineffective assistance claims were neither erroneous nor objectively unreasonable.

For the reasons stated above, the court approves the findings, conclusions, and recommendation of the magistrate judge, and adopts the recommendation that movant's petition be denied.

Therefore,

The court ORDERS that the findings, conclusions, and recommendation of the magistrate judge filed August 15, 2006, be, and are hereby, approved, and that the petition filed by Perkins on October 25, 2005, be, and is hereby, denied.

SIGNED October 30, 2006.

_____
JOHN McBRYDE
United States District Judge